UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEKAL FARUKI, | No. 2:25-cv-0507-DJC-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| HOUSING AUTHORITY FOR THE COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff Mekal Faruki proceeds without counsel[1] and alleges housing discrimination by public housing authorities. Plaintiff's request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's request to proceed in forma pauperis is granted. However, the complaint fails to state a claim and must be dismissed. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.

**I.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II. Plaintiff's Allegations

Plaintiff is elderly and "a qualified individual with a disability" who was [u]ndergoing cancer chemotherapy and suffering its severe side effects, including extreme fatigue, cognitive impairment, neuropathy and physical weakness." (ECF No. 1 at 2, 7.) Defendants are public housing authorities responsible for administering Section 8 Housing Choice Vouchers. (Id. at 2.) Plaintiff applied for and met all eligibility requirements for a Section 8 Housing Choice Voucher, but "[o]ver the course of 90 incidents, Defendants denied, delayed, or failed to process Plaintiff's Section 8 voucher application and renewal requests, solely based on Plaintiff's disability and elder status." (Id.)

Defendants engaged in a pattern and practice of systemic discrimination, including refusing to grant a reasonable accommodation for expedited processing of plaintiff's voucher, deliberately delaying the application process while approving non-disabled applicants, providing

false or misleading information about voucher availability and plaintiff's eligibility, and failing to make necessary policy modifications in violation of federal and state law. (ECF No. 1 at 2.) Plaintiff actively pursued his claims but "defendants continued to deny assistance[.]" (Id.) Defendants' misconduct included "90 instances of denying Section 8 vouchers[.]" (Id. at 3.)

Plaintiff brings five causes of action as follows: (1) Violations of the ADA (42 U.S.C. § 12101 et seq.); (2) Violations of the FHA (42 U.S.C. § 3601 et seq.; (3) Violations of the Unruh Civil Rights Act (Cal. Civ. Code § 51); (4) Violation of California Disabled Persons Act ("CDPA") (Cal. Civ. Code § 54); and (5) Fraud (Cal. Civ. Code § 1708). (ECF No. 1 at 3-4.) Plaintiff seeks damages and injunctive relief. (Id. at 4.)

### III.   Discussion

The complaint contains many generalized statements and conclusions but is short on factual allegations describing specifically how defendants discriminated against plaintiff, denied plaintiff assistance, or denied a reasonable accommodation. The complaint mostly contains conclusions that defendants subjected plaintiff to housing discrimination. However, general allegations that defendants deliberately delayed or denied plaintiff assistance, provided false or misleading information, and engaged in "90 instances" of misconduct are too vague to state a claim for relief. Conclusory allegations like these do not give fair notice of the claims. See Iqbal, 556 U.S. at 678.

Having performed the screening required by 28 U.S.C. § 1915, the court finds plaintiff fails to state a claim under the ADA or the FHA. Plaintiff will have an opportunity to amend. Below, the court sets forth legal standards governing plaintiff's ADA and FHA claims for any amended complaint plaintiff may file. Because plaintiff has not stated a federal claim, the court will not at this time exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). If plaintiff states a federal claim, the court will screen the state law claims.

**ADA**

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [ ]he is a qualified individual with a disability; (2) [ ]he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3)

3

such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). To recover monetary damages under Title II of the ADA, a plaintiff must also prove intentional discrimination on the part of the defendants. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, which requires the plaintiff to show that the defendant knew "harm to a federally protected right [wa]s substantially likely" and failed to act upon that likelihood. Id. at 1139.

Plaintiff alleges he suffered discrimination because of his disability but does not allege the specific facts showing he was discriminated against or that this was done because of his disability. The conclusions in the complaint that defendants discriminated do not suffice to state a claim under the ADA.

**FHA**

The FHA makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [¶]...that person[.]" 42 U.S.C. § 3604(f)(2). A plaintiff can establish a disability discrimination claim under a theory of disparate treatment, disparate impact, or failure to make reasonable accommodations. See Budnick v. Town of Carefree, 518 F.3d 1109, 1114 (9th Cir. 2008). It appears plaintiff may seek to proceed under a theory of disparate treatment or failure to make reasonable accommodations.

To plead a disparate treatment claim, a plaintiff must allege facts showing that: "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999). "Disparate treatment [under the FHA] requires some showing of discriminatory intent on the part of the defendants[.]" McDonald v. Coldwell Banker, 543 F.3d 498, 505 n.7 (9th Cir. 2008). Accordingly, a plaintiff must also plead facts demonstrating the existence of a similarly situated person who was treated better than the plaintiff was, or that "a discriminatory reason more likely than not motivated the defendant and that the defendant's actions adversely affected the plaintiff in some way." Pac. Shores Properties, LLC v.

1  City of Newport Beach, 730 F.3d 1142, 1158 (9th Cir. 2013) (internal quotation marks and
2  citation omitted).
3        To plead a failure to accommodate claim, a plaintiff must allege facts demonstrating that:
4  (1) he suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) the defendants knew or
5  reasonably should have known of her handicap; (3) accommodation of the handicap "may be
6  necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the
7  defendants refused to make such accommodation. United States v. Cal. Mobile Home Park
8  Mgmt., 107 F.3d 1374, 1380 (9th Cir. 1997). The FHA defines a handicap as: "(1) a physical or
9  mental impairment which substantially limits one or more of such person's major life activities,
10 (2) a record of having such an impairment, or (3) being regarded as having such an impairment."
11 42 U.S.C. § 3602(h).
12       The complaint fails to allege facts demonstrating defendants knew or reasonably should
13 have known of plaintiff's handicap or that plaintiff communicated he had a handicap to the
14 defendants. The complaint also does not plead facts demonstrating the existence of any similarly
15 situated person who was treated better than plaintiff was, or that a discriminatory reason more
16 likely than not motivated the defendants. The conclusions set forth in the complaint fail to state a
17 claim.
18     **IV.**    **Motion to File Electronically**
19       Plaintiff requests leave to file electronically as a reasonable accommodation due to having
20 multiple myeloma. (ECF No. 3.) Under the court's local rules, "any person appearing pro se may
21 not utilize electronic filing except with the permission of the assigned Judge or Magistrate
22 Judge." Local Rule 133(b)(2). Local Rule 183 further requires pro se parties to file documents
23 conventionally unless the Court grants leave to use electronic filing. Local Rule 183(c). In this
24 instance, plaintiff has shown good cause for the requested accommodation, which will be granted.
25     **V.**    **Conclusion and Order**
26       The complaint must be dismissed, but plaintiff is granted leave to file an amended
27 complaint. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must
28 be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is

absolutely clear that the deficiencies of the complaint could not be cured by amendment."
(citation omitted)).

If plaintiff files an amended complaint, it should be titled "First Amended Complaint" and must be complete by itself without reference to any prior pleading. See Local Rule 220.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's motion to file electronically in this case (ECF No. 3) is GRANTED.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend for failure to state a claim.
4. Within 30 days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to respond to this order will result in a recommendation that this action be dismissed.

Dated:  April 28, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, faru25cv0507.scrn