UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEKAL FARUKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOUSING AUTHORITY FOR THE COUNTY OF SACRAMENTO, et al.,<br><br>　　　　Defendants. | No.  2:25-cv-0507-DJC-CKD (PS)<br><br>ORDER |

　　　　Plaintiff Mekal Faruki proceeds pro se and in forma pauperis.[1] Plaintiff's first amended complaint ("FAC") is before the court for screening. The FAC fails to state a claim and must be dismissed. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.

**I.    Screening Requirement**

　　　　Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

1   (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.
2   See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

3      A complaint must contain "a short and plain statement of the claim showing that the
4   pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6   conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
7   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as
8   true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge
9   unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
10  (internal quotation marks and citation omitted).

11     Pro se litigants are entitled to have their pleadings liberally construed and to have any
12  doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially
13  plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to
14  allow the court to reasonably infer that a named defendant is liable for the misconduct alleged.
15  Iqbal, 556 U.S. at 678.

16  **II.     Plaintiff's Allegations**

17     Plaintiff is an elderly individual diagnosed with Multiple Myeloma, which prevents
18  plaintiff from engaging in substantial employment. (ECF No. 5 at 2, 5.) The named defendants
19  are the County of Sacramento, Housing Authority for the County of Sacramento, and Sacramento
20  Housing Regional Authority ("SHRA"). (Id. at 1.)

21     On August 28, 2017, plaintiff applied for a Section 8 Housing Choice Voucher through
22  SHRA. (ECF No. 5 at 2-3.) Plaintiff met all eligibility requirements and included a doctor's
23  certification with the application which gave SHRA notice of plaintiff's disability. (Id. at 2, 5-6.)
24  Plaintiff's application was delivered as demonstrated by a USPS tracking receipt. (Id. at 2.)
25  Plaintiff's friend, Mr. Moorhead, who is also disabled, concurrently applied for Section 8
26  Vouchers and was treated more favorably and approved for Section 8 Vouchers. (Id. at 2.)
27  Plaintiff's application was claimed to have been lost. (Id. at 5.) Plaintiff followed up with many
28  calls and emails but was stonewalled. (Id. at 3, 5.)

While plaintiff was hospitalized in 2018, plaintiff's landlord sold the dwelling to Mr. Slivinsky, who filed an Unlawful Detainer and raised the rent to force plaintiff out of the dwelling. (ECF No. 5 at 4.) Plaintiff had to seek other housing in early 2022. (Id.)

In March 2024, plaintiff filed a complaint with the State Hearing Division against SHRA for his Section 8 Vouchers. (ECF No. 5 at 4.) A County Representative asked the court to dismiss the claim stating the State Hearing Division lacked jurisdiction to hear the matter. (Id. at 4.) Plaintiff discovered the Section 8 Voucher program is not run by SHRA but by the Housing Authority of the County of Sacramento, which plaintiff alleges is deceitful and fraudulent. (Id.)

Plaintiff alleges defendants excluded him from participation or otherwise discriminated against him with regard to the public entity's services, programs, or activities, by constructively denying him Section 8 Vouchers. (ECF No. 5 at 5.) SHRA failed to accommodate plaintiff's handicap and did not afford him an equal opportunity to use and enjoy his dwelling. (Id. at 3.) Plaintiff alleges defendants refused to grant a reasonable accommodation in the form of expedited processing of his voucher. (Id. at 6.) Defendants engaged in a pattern and practice of discrimination by delaying the application process while approving non-disabled applicants, providing false or misleading information about voucher availability and plaintiff's eligibility, and failing to make necessary policy modifications. (Id.)

Plaintiff brings five causes of action as follows: (1) Violations of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.); (2) Violations of the Fair Housing Act ("FHA") (42 U.S.C. § 3601 et seq.; (3) Violations of the Unruh Civil Rights Act (Cal. Civ. Code § 51); (4) Violation of California Disabled Persons Act ("CDPA") (Cal. Civ. Code § 54); and (5) Fraud (Cal. Civ. Code § 1708). (ECF No. 5 at 6-8.) Plaintiff seeks damages and injunctive relief. (Id. at 8.)

**III.    Discussion**

Having performed the screening required by 28 U.S.C. § 1915, the court finds the FAC fails to state a claim for relief under the ADA or the FHA. Since plaintiff has not stated a federal claim upon which relief can be granted, the court will not at this time exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [ ]he is a qualified individual with a disability; (2) [ ]he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). To recover monetary damages under Title II of the ADA, a plaintiff must also prove intentional discrimination on the part of the defendants. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, which requires the plaintiff to show that the defendant knew "harm to a federally protected right [wa]s substantially likely" and failed to act upon that likelihood. Id. at 1139.

In addition, the FHA, as relevant here, makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [¶]...that person[.]" 42 U.S.C. § 3604(f)(2). A plaintiff can establish a disability discrimination claim under a theory of disparate treatment, disparate impact, or failure to make reasonable accommodations. See Budnick v. Town of Carefree, 518 F.3d 1109, 1114 (9th Cir. 2008).

The FAC contains some more specific factual allegations than were pleaded in the original complaint. However, the allegations regarding the alleged disability discrimination remain conclusory. For example, plaintiff has clarified that the 90 instances of misconduct described in the original complaint are based on the months that passed after plaintiff's application for Section 8 Vouchers was delivered. However, plaintiff merely speculates and concludes that the claimed loss of his application and subsequent non-receipt of Section 8 Vouchers constituted discrimination because of his disability, which does not suffice to state any claim for relief. Plaintiff's allegation that he was denied a reasonable accommodation in the form of expedited application processing is also too conclusory to state a claim. See, e.g., Emrit v. S. Nevada Reg'l Hous. Auth., No. 2:16-CV-2701-MMD-VCF, 2016 WL 7743037, at *2 (D. Nev. Dec. 5, 2016), report and recommendation adopted, No. 2:16-CV-02701-MMD-VCF, 2017 WL 126113 (D. Nev. Jan. 12, 2017) (bare allegation that defendants failed to treat disabled individual as a priority

with regards to Section 8 housing failed to state a claim under the ADA or FHA). Plaintiff alleges a similarly situated friend was treated more favorably, but plaintiff's friend is also disabled, such that a difference in treatment does not plausibly suggest disability discrimination. In sum, the FAC does not plead adequate factual content allowing the court to plausibly infer discrimination because of plaintiff's handicap or disability.

### IV. Conclusion and Order

The FAC fails to state a federal claim for relief and will be dismissed. Although it appears plaintiff may be unable to state a viable claim under the ADA or FHA based on the underlying facts, plaintiff is granted another opportunity to amend. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). If plaintiff files an amended complaint, it should be titled "Second Amended Complaint" and must be complete by itself without reference to any prior pleading. See Local Rule 220. In the alternative, if plaintiff does not wish to pursue this federal action further or cannot remedy the defects described regarding the federal claims plaintiff seeks to bring, then plaintiff may file a notice of voluntary dismissal. See Fed. R. Civ. P. 41(a)(1)(a)(i).

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 5) is dismissed with leave to amend.
2. Within 30 days from the date of service of this order, plaintiff may file a further amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to respond to this order will result in a recommendation that this action be dismissed.

Dated: September 3, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, faru25cv0507.scrn.fac