1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MEKAL FARUKI,                             No.  2:25-cv-0507-DJC-CKD (PS)

12              Plaintiff,

13        v.                                   FINDINGS & RECOMMENDATIONS

14   HOUSING AUTHORITY FOR THE
15   COUNTY OF SACRAMENTO, et al.,

16              Defendants.

17

18        Plaintiff Mekal Faruki proceeds pro se[1] and in forma pauperis. Plaintiff's second amended

19   complaint ("SAC") is before the court for screening. The SAC fails to state a claim arising under

20   federal law. The undersigned will recommend the court decline to exercise supplemental

21   jurisdiction over plaintiff's state law claims and dismiss the SAC without further leave to amend.

22        **I.        Screening Requirement**

23             Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

24   proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

25   claim on which relief may be granted," or "seeks monetary relief against a defendant who is

26   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

27

28   [1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local
     Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

                                           1

1  (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

2  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

3        A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as

8  true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge

9  unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

10  (internal quotation marks and citation omitted).

11        Pro se litigants are entitled to have their pleadings liberally construed and to have any

12  doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially

13  plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to

14  allow the court to reasonably infer that a named defendant is liable for the misconduct alleged.

15  Iqbal, 556 U.S. at 678.

16  **II.      Plaintiff's Allegations**

17        Plaintiff is an elderly individual diagnosed with Multiple Myeloma, which prevents him

18  from engaging in substantial employment. (ECF No. 7 at 2, 5.) The named defendants are the

19  County of Sacramento, Housing Authority for the County of Sacramento, and Sacramento

20  Housing Regional Authority ("SHRA"). (Id. at 1.)

21        On August 28, 2017, plaintiff completed and mailed a Section 8 Housing Choice Voucher

22  through SHRA. (ECF No. 7 at 3.) Plaintiff included a doctor's certification of disability, thereby

23  giving the SHRA notice of his disability. (Id.)

24        On August 29, 2017, plaintiff's application was delivered, as demonstrated by a Priority

25  Mail tracking receipt. (ECF No. 7 at 3.) However, defendants refused to make accommodation

26  and instead it was claimed that the application was lost. (Id. at 3, 5.) Months and years of plaintiff

27  following up on the matter were met with the same answer. (Id.)

28  ////

1    Plaintiff's friend, Mr. Moorhead, who is also disabled, concurrently applied for Section 8

2    Vouchers. (ECF No. 7 at 3.) Mr. Moorehead's application was initially lost but was later located

3    and approved. (Id.)

4    While plaintiff was hospitalized in 2018, his landlord sold the dwelling to Mr. Slivinsky,

5    who raised the rent to force plaintiff out of the dwelling. (ECF No. 7 at 3-4.) Plaintiff had to seek

6    other housing in early 2022. (Id.) In March 2022, plaintiff rented an apartment at Ladi Senior

7    Apartments. (Id. at 4.)

8    In March 2024, plaintiff filed a complaint with the State Hearing Division against SHRA

9    for his Section 8 Vouchers. (ECF No. 7 at 4.) Plaintiff discovered the Section 8 Voucher program

10   is not run by SHRA but by the Housing Authority of the County of Sacramento, which plaintiff

11   alleges is deceitful and fraudulent. (Id. at 4-5.)

12   Plaintiff alleges defendants excluded him from participation or otherwise discriminated

13   against him with regard to the public entity's services, programs, or activities, by constructively

14   denying him Section 8 Vouchers. (ECF No. 7 at 5.) SHRA failed to accommodate his disability

15   and did not afford him an equal opportunity to use and enjoy his dwelling. (Id. at 3.) Plaintiff was

16   harmed by having to spend hundreds of dollars every month out of his Social Security check for

17   the full rent. (Id. at 5.)

18   Plaintiff brings five causes of action as follows: (1) Violations of the Americans with

19   Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.); (2) Violations of the Fair Housing Act

20   ("FHA") (42 U.S.C. § 3601 et seq.; (3) Violations of the Unruh Civil Rights Act (Cal. Civ. Code

21   § 51); (4) Violation of California Disabled Persons Act ("CDPA") (Cal. Civ. Code § 54); and (5)

22   Fraud (Cal. Civ. Code § 1708). (ECF No. 5 at 6-8.) Plaintiff seeks declaratory judgment,

23   injunctive relief, and damages. (Id. at 11.)

24   **III.    Discussion**

25   Having performed the screening required by 28 U.S.C. § 1915, the court finds the SAC

26   fails to state a claim for relief under the ADA or the FHA. Since plaintiff has not stated a federal

27   claim upon which relief can be granted, the court should not exercise supplemental jurisdiction

28   over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3).

3

1    "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [ ]he is a

2    qualified individual with a disability; (2) [ ]he was excluded from participation in or otherwise

3    discriminated against with regard to a public entity's services, programs, or activities; and (3)

4    such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d

5    1039, 1052 (9th Cir. 2002). To recover monetary damages under Title II of the ADA, a plaintiff

6    must also prove intentional discrimination. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th

7    Cir. 2001). The standard for intentional discrimination is deliberate indifference, which requires

8    the plaintiff to show that the defendant knew "harm to a federally protected right [wa]s

9    substantially likely" and failed to act upon that likelihood. Id. at 1139.

10    The FHA, as relevant here, makes it illegal "[t]o discriminate against any person in the

11    terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or

12    facilities in connection with such dwelling, because of a handicap of [¶]...that person[.]" 42

13    U.S.C. § 3604(f)(2). A plaintiff can establish a disability discrimination claim under a theory of

14    disparate treatment, disparate impact, or failure to make reasonable accommodations. See

15    Budnick v. Town of Carefree, 518 F.3d 1109, 1114 (9th Cir. 2008).

16    The allegations in the SAC regarding the alleged disability discrimination are substantially

17    similar to those pleaded in plaintiff's prior complaints. Plaintiff claims the loss of his application

18    and subsequent non-receipt of Section 8 Vouchers constituted discrimination because of his

19    disability. However, such a conclusion is speculative and lacks specific supporting facts

20    necessary to state a claim for relief. Plaintiff alleges a similarly situated friend was treated more

21    favorably, but plaintiff's friend is also disabled, such that a difference in treatment does not

22    plausibly suggest disability discrimination. In sum, the SAC does not plead adequate factual

23    content allowing the court to plausibly infer discrimination because of plaintiff's disability.

24    **IV.    Conclusion and Recommendation**

25    The SAC fails to state a claim for relief under the ADA or FHA. The court has twice

26    advised plaintiff of the deficiencies in his federal housing discrimination claims and it now

27    clearly appears that granting further leave to amend would be futile. See Klamath-Lake Pharm.

28    Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall

1  be freely given, but the court does not have to allow futile amendments). Thus, the dismissal

2  should be without leave to amend. See California Architectural Bldg. Prod. v. Franciscan

3  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (Valid reasons for denying leave to amend include

4  undue delay, bad faith, prejudice, and futility."). The court should decline to exercise

5  supplemental jurisdiction over plaintiff's state-law claims. See 28 U.S.C. § 1367(c)(3).

6       For the reasons set forth above, IT IS RECOMMENDED as follows:

7      1.  Plaintiff's claims arising under federal law be dismissed without further leave to

8         amend for failure to state a claim

9      2.  The court decline to exercise supplemental jurisdiction over plaintiff's state law clams.

10      3. The Clerk of the Court be directed to close this case.

11       These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties. Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

16  within the specified time may waive the right to appeal the District Court's order. Martinez v.

17  Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  Dated: 10/15/25

19  _____

20            CAROLYN K. DELANEY
          UNITED STATES MAGISTRATE JUDGE

21

22  8, faru25cv0507.scrn.sac.fr

23

24

25

26

27

28

     5